TRANSWAY SHIPPING LIMITED, Plaintiff,

v.

UNDERWRITERS AT LLOYD'S, et al., Defendants.

No. 88 Civ. 0837 (WK).

United States District Court, S.D. New York.

March 7, 1989.

Francis R. Matera, Crowell, Rouse & Matera, P.C., New York City, for plaintiff.

Frank J. Maley, Mendes & Mount, New York City, for defendants.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

This maritime insurance action is before us on defendants' motion to dismiss on the ground of *forum non conveniens*, and on plaintiff's cross-motion for summary judgment. For the reasons stated below, both motions are denied.

### FACTS

Plaintiff seeks recovery from the defendant underwriters for fire damage to the vessel "REO" that occurred on September 3, 1986, while the vessel was undergoing repair work in the port of Perama, Greece. The vessel was insured for port risks under an "open cover" policy issued to F.E. Wright (UK) Limited, a London insurance broker, and subscribed by certain underwriters at Lloyd's and at The Institute of London Underwriters. F.E. Wright originally procured the policy for the benefit of undisclosed prospective clients, and later declared the "REO" (formerly the "NEO") and others as insured vessels by means of individual "Endorsements." The terms of the "open cover" policy, which incorporated by reference various standardized and preprinted clauses, were drafted by F.E. Wright and approved by the underwriters. Included among the "Conditions" of the policy was the phrase: "New York Suable and Service of Suit Clauses including Leased Equipment Clause where applicable." Attached separately to the portions of the policy subscribed, respectively, by the Institute of London Underwriters and by the Lloyd's Underwriters, were identical one-page provisions consisting of several paragraphs (hereinafter the "forum selection clauses"), authorizing suit in the United States at the Assured's option and designating the New York firm of Mendes & Mount as agents for service of process. Each forum selection clause bears the stamp of, respectively, the "I.L.U." and the "L.P.S.O." (the Lloyd's Policy Signing Office). Also attached to each portion of the policy was a "Leased Equipment Clause" bearing the stamp "As applicable," providing for extension of insurance coverage to equipment installed on the vessel but not owned by the Assured.

### DISCUSSION

■ Defendants argue in their motion that trial of this action in this forum will result in great prejudice to them, primarily due to their asserted inability to obtain compulsory process over certain non-party Greek witnesses and certain proof situated in Greece. They argue that the appropriate forum for this action is either London, where the contractual witnesses reside, or Greece, where the accident occurred. They further argue that the New York forum selection clauses were incorporated in the policy by error, and that, in any event, the clauses only govern "where applicable," this not being an "applicable" case due to its lack of any relation to this forum.

*The Bremen v. Zapata Off–Shore Co.* (1972) 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513, continues to govern in admiralty cases in the wake of the Supreme Court's ruling in *Stewart Organization, Inc. v. Ricoh Corp.* (1988) 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22. *See Red Bull Associates v. Best Western International, Inc.* (2nd Cir.1988) 862 F.2d 963, 966. *The Bremen* established that a forum selection clause is binding unless the party opposing its enforcement can "clearly show that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." 407 U.S. at 15, 92 S.Ct. at 1916. In making the first showing, that party has a "heavy burden" of demonstrating "that trial in the contractual forum will be so gravely difficult that he will for all practical purposes be deprived of his day in court." *Id.* at 17–18, 92 S.Ct. at 1917.

Defendants have not shown nearly the requisite degree of inconvenience to overcome enforcement of the forum selection clauses. Most of their concerns, such as the distances that witnesses must travel and the distance of the forum from the site of the accident, equally affect the plaintiff (who, of course, has the burden of proof), and can be overcome through the use of depositions and other devices now standard in international maritime litigation. They come closest to meeting the *Bremen* standard in their assertion of an inability to obtain compulsory process over the Greek witnesses to the fire, certain of whom (un-

named) have apparently been unwilling to be interviewed by defendant's counsel. However, aside from an unsubstantiated statement that Greece is not a signatory to the Hague Convention (which plaintiff disputes), there has been no showing that they would otherwise be unable to enlist the subpoena power of the Greek courts in obtaining the proof they deem necessary to defend this action. Moreover, the defendants do not suggest how these witnesses would be more available in Great Britain, a forum which they contend to be appropriate.

Nor has there been a showing of fraud or overreaching on the part of F.E. Wright in including the forum selection clauses in the policy. The "Conditions" portion of the "open cover" clearly alerted the underwriters to the inclusion of the clauses, and the underwriters affixed their stamps to the pages of the policy bearing those clauses, thereby indicating their knowing assent to such inclusion. Their bare assertion that they erred in so assenting does not, on the present motion, afford a basis for setting aside the clauses.

Finally, their argument that the clauses are not under their own terms "applicable" to the present action has no merit. It is obvious that the phrase "where applicable" refers to the "Leased Equipment Clause" and not to the "New York Suable and Service of Suit Clauses." Not only does the former bear the corresponding stamp "As applicable," but its "applicability" is self-defining: it only applies where leased equipment is installed on the vessel. There is no similarly self-evident limit to the applicability of the forum selection clauses, and nowhere does the policy define such applicability.

In sum, plaintiff's election under the forum selection clauses to bring suit in New York must be given force.

■ Turning to plaintiff's cross-motion for summary judgment, we adhere to our statement at oral argument that the surveyor's report upon which plaintiff relies, which estimates the cost of repairs at $597,000 "excluding general expenses," is an insufficient basis for awarding plaintiff summary judgment for the full $600,000

value of the policy. The report, conveyed by telex, states that it is based in part on "sketchy information from owners." Although plaintiff has produced a further document showing that the defendant underwriters have agreed that the vessel is a "C.T.L. [constructive total loss] on figures," that document further disclaims acceptance of liability under the policy and reserves the right to contest the claim once "all of the facts are known." Until discovery has brought out the relevant facts, summary judgment would be premature.

## CONCLUSION

Defendants' motion to dismiss is denied. Plaintiff's cross-motion for summary judgment is also denied. Counsel for the respective parties shall appear for a status conference on April 4, 1989 at 9:30 a.m., in Courtroom 619.

SO ORDERED.